(74 App. Div. 302.)

PEOPLE ex rel. SOCIETY FOR THE RELIEF OF HALF ORPHAN AND DESTITUTE CHILDREN IN THE CITY OF NEW YORK v. McCUE et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. PROHIBITION—BOARD OF ASSESSORS—JURISDICTION.

New York City Charter, § 946, provides that the head of the board charged with the execution of any public improvement shall furnish the board of assessors with a certificate as to the expense, and that the board of assessors shall assess upon the property benefited the amount of such certificates, or such proportion thereof as is authorized by law, and the said board shall not in any way be enjoined or delayed in the performance of this duty. By section 962 of the charter the court is forbidden to interfere with any assessment which is equivalent to the fair value cost of any local improvement after the same shall have been confirmed. Section 944 gives the board of revision power to review assessments. A petition for a writ of prohibition to restrain the assessors from proceeding with an assessment alleged that the board, without authority of law, had taken evidence as to the fair value of the work done, for which they were about to impose an assessment, and that, under section 962, relator had no redress; and delay in imposing the assessment was relied on by relator. Held, that there being no time fixed within which the assessment must be imposed, and the assessors having juris-

diction, prohibition would not lie; the remedy being by appeal to the board of revision, or by further appeal from that board.

Appeal from special term.

Prohibition by the people, on the relation of the Society for the Relief of Half Orphan and Destitute Children in the City of New York, against Edward McCue and others, constituting the board of assessors of the city of New York, and others, to restrain respondents from proceeding with an assessment. From an order denying an absolute writ (76 N. Y. Supp. 485), relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Henry De Forest Baldwin, for appellant.
George L. Sterling, for respondents.

INGRAHAM, J. Upon a petition presented by the relator the special term granted an alternative writ of prohibition, to which a return was filed, and upon a hearing the absolute writ was denied. We concur in the opinion of the special term, but think the writ was properly denied for the additional reason that there is nothing to show that the respondents were without jurisdiction to determine the question before them, and which the relator by this writ seeks to prohibit them from determining. This proceeding is now before the board of assessors, and their duties are prescribed by section 946 of the charter of the city of New York (chapter 466 of the Laws of 1901). That section provides that "all assessments shall be made by the board of assessors on the following certificates." Provision is then made by which the officer or head of the board or department charged with the execution of the work is to certify to the board of assessors the total amount of all expense which shall have been actually incurred by the city of New York on account of the improvement, and the comptroller is required to certify to the board of assessors the amount of the interest, at the legal rate, upon the installments advanced or payments made on account of such work; and "thereafter the board of assessors shall assess upon the property benefited, in the manner authorized by law, the aggregate amount of such certificates, or such proportion thereof as is authorized by law, and the said board shall not in any way be enjoined, restrained, hindered or delayed in the performance of this duty." By section 944 of the charter, power is given to the board of revision of assessments to consider on the merits all objections made to any such assessment and to confirm said assessments, or to refer the same back to the board of assessors for revisal and correction in such respects as it may determine. Upon these two boards is conferred authority to determine whether the whole of the amount specified in the certificates shall be assessed upon the property, or, if not, then to determine the proportion thereof as shall be assessed thereon. If the board of assessors include in the assessment an amount that is not authorized by law, the board of revision of assessments have the power to correct that error, and to refer the same back to the board of assessors for revision and correction.

The petition alleges that the board of assessors, without authority of law, have taken evidence as to the fair value of the work done, for which they are about to impose an assessment upon the relator's property, and that the relator has no redress to correct this error, as by section 962 of the charter the court is forbidden to interfere with any assessment which is equivalent to the fair value cost of any local improvement after the same shall have been confirmed. But this will not justify a writ of prohibition. The board of assessors have jurisdiction to determine, under section 946 of the charter, ·the proportion of the aggregate amount specified in the certificates furnished by the head of the department and the comptroller that is to be assessed upon the property benefited. The fact that they are about to erroneously determine that amount does not justify a writ of prohibition preventing them from making any determination upon the subject. The delay of the local authorities in imposing this assessment is not an objection to such an assessment which would justify a writ of prohibition. There is no time fixed by statute within which such an assessment must be imposed after the work is done, and nothing appears to show that the board was without jurisdiction to determine the question. The most that appears is that, according to the claim of the relator, the board is about to act erroneously in its determination; and the proper relief in that case is by an appeal to the board of revision of assessments, or such further appeal to the courts to review the action of that board as is provided for by law in case an erroneous method has been adopted.

The order appealed from should therefore·be affirmed, with $50 costs and disbursements. All concur.